**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

TUAN TRAN,                                      )
                                                )
                Petitioner,                     )
                                                )
v.                                              )        Case No. CIV-26-390-J
                                                )
F. FIGUEROA,                                    )
                                                )
                Respondent.                     )

**ORDER**

Plaintiff, appearing pro se, filed a Petition under 28 U.S.C. § 2241 challenging his detention with the United States Immigration and Customs Enforcement, but did not pay the $5.00 filing fee or seek leave to proceed in forma pauperis. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield ordered Petitioner to cure the deficiency on or before March 25, 2026, and instructed Petitioner that his "[f]ailure to comply . . . may result in dismissal of this action." [Doc. No. 4].

Petitioner's deadline has passed, and he has not paid the filing fee, moved for leave to proceed in forma pauperis, or otherwise communicated with the Court. Accordingly, Judge Maxfield issued a Report and Recommendation recommending that the Court dismiss the action without prejudice. [Doc. No. 7]. Judge Maxfield additionally notes that while the Court's records reflect that mail addressed to Petitioner was returned undeliverable, *see* [Doc. Nos. 5–6], it is Petitioner's burden to notify the Court of any change of address and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR 5.4. Despite being cautioned that he must file any objection no later than April 21, 2026, Petitioner did not

object and has waived his right to appellate review of the factual and legal issues addressed in the Report and Recommendation. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2020).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 7] and DISMISSES the Petition under 28 U.S.C. § 2241 without prejudice. *See* Fed. R. Civ. P. 41(b); *see also DeAtley v. Williams*, 782 F. App'x 736, 737 (10th Cir. 2019) (affirming dismissal of habeas petition under Rule 41(b)); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").

A separate judgment will enter.

IT IS SO ORDERED this 24th day of April, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE